13 CV 8673 (GBD)(DF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNETTE BROCK and PRISCILLA DUTTON, on behalf of and as Parent and Grandparent of S.B., a student with a disability,

                                                                             Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                                             Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark Galen Toews*
*Tel:  (212) 356-0871*
*Email: mtoews@law.nyc.gov*
*Matter No. 2013-055841*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES…………………………………………………………………..iv

PRELIMINARY STATEMENT………………………………………………………………1

ARGUMENT…………………………………………………………………………………...1

POINT I

     THE SRO IS ENTITLED TO DEFERENCE…………………………………………..1

POINT II

     THE PROCEDURAL ERRORS REGARDING THE TRIENNIAL EVALUATION
     PROCESS DID NOT DENY S.B. A FAPE………………………………………………4

          A. Ms. Brock and Ms. Dutton had ample opportunity to participate in the
             decision-making process regarding the provision of a FAPE to
             S.B…………......................................................................................................4

          B. The procedural deficiencies in the triennial evaluation process did not impede
             S.B.'s right to a FAPE or deprive her of educational benefits………………...5

POINT III

     THE PROGRAM RECOMMENDED FOR S.B. CONFERRED A FAPE………………5

POINT IV

     DEFENDANT WAS NOT REQUIRED TO PRESENT EVIDENCE CONCERNING
     THE RECOMMENDED SCHOOL'S ABILITY TO IMPLEMENT THE IEP………….6

POINT V

     MS. DUTTON DOES NOT HAVE STANDING………………………………………...9

CONCLUSION………………………………………………………………………………..10

## **TABLE OF AUTHORITIES**

**Cases**

A.M. v. N.Y. City Dep't of Educ.,
   No. 12 Civ. 5573, 2013 U.S. Dist. LEXIS 113467 (S.D.N.Y. Aug. 9, 2013)………………….6

Bender v. Williamsport Area Sch. Dist.,
   475 U.S. 534, (1986)…………………………………………………………………………..10

Cerra v. Pawling Cent. Sch. Dist.,
   427 F.3d 186, 195 (2d Cir. 2005)......................................................................................... 5

D.B. & M.C. v. New York City Dep't of Educ.,
   966 F. Supp. 2d 315 (S.D.N.Y. 2013)…………………………………………………….....4

F.L. ex rel. F.L. v. New York City Dep't of Educ.,
   No. 12 Civ. 4575, 2014 U.S. App. LEXIS 296 (2d Cir. Jan. 8, 2014)…………………………6

Gagliardo v. Arlington Sch. Dist.,
   489 F.3d 105, 114 (2d Cir.2007)………………………………….......................................1

Grim v. Rhinebeck Cent. Sch. Dist.,
   346 F.3d 377 (2d Cir. 2003)................................................................................................ 2

Jalloh v. District of Columbia,
   968 F.Supp.2d 203 (D.D.C. 2007)……………………………………………………………...9

K.L. v. New York City Dep't of Educ.,
   11 Civ. 3733, 2012 U.S. Dist. LEXIS 124460 (S.D.N.Y. Aug. 23, 2012)……………………..7

M.H. v. New York City Dep't of Educ.,
   685 F.3d 217 (2d Cir. 2012)…………………………………………………………....2, 6, 9

R.E. v. New York City Dep't of Educ.,
   694 F.3d 167 (2d Cir. 2012),
   cert denied 2013 U.S. LEXIS 4528; 81 U.S.L.W. 3678 (June 10, 2013)……......................2, 6

R.B. v. New York City Dep't of Educ.,
   No. 13 Civ. 1131, 2014 U.S. Dist. LEXIS 45692 (S.D.N.Y. Mar. 26,2014)….....................4, 5

Schreiber v. E. Ramapo Cent. Sch. Dist.,
   700 F. Supp. 2d 529 (S.D.N.Y. 2010)...................................................................................... 1

T.G. v. New York City Dep't of Educ.,
   No. 12 Civ. 6058, 2013 U.S. Dist. LEXIS 132117 (S.D.N.Y. Sept. 14, 2013)………………...5

W.T. v. Bd. of Educ. of the Sch. Dist. of N.Y. City,
   716 F. Supp. 2d 270 (S.D.N.Y. 2010)……………………………………………………...2

**Statutes**

20 U.S.C. § 1415(f)(3)(E)(ii)……………………………………………………………………..4

**Regulations**

8 N.Y.C.R.R. § 200.1(ii)(3)……………………………………………………………..9, 10

8 N.Y.C.R.R. § 200.1(ww)(3)(ii)…………………………………………………………….8

8 N.Y.C.R.R §§ 200.6(a)(3), (h)(3)…………………………………………………………..8

34 C.F.R. § 300.30(a)……………………………………………………………………...9

34 C.F.R. § 300.30(b)……………………………………………………………………9, 10

**PRELIMINARY STATEMENT**

The Defendant New York City Department of Education submits this memorandum of law in response to Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion for a Modified De Novo Review and in Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp"), and in further support of its Cross-Motion for Summary Judgment. As the State Review Officer ("SRO") found, the Defendant offered the Student, S.B., a free appropriate public education ("FAPE") for the 2011-12 school year. In their Opposition and Reply, Plaintiffs argue that the procedural failings in the triennial evaluation process, the 12:1:1 classroom ratio, and the inability of the offered school site to implement the IEP denied the Student a FAPE. Plaintiffs fail, however, to identify any error of law or fact that would warrant reversing the SRO's well-reasoned decision that the Student was offered a FAPE for the 2011-2012 school year, as the record amply demonstrates.

Therefore, for the reasons set forth herein and in Defendant's moving papers, this Court should affirm the decision of the SRO, decline to grant tuition reimbursement, dismiss Plaintiffs' motion for summary judgment and grant the Defendant's cross-motion.

**ARGUMENT**

**POINT I**

**THE SRO DECISION IS ENTITLED TO DEFERENCE.**

The Court should defer to the SRO's thorough and well-reasoned decision. See Schreiber v. E. Ramapo Cent. Sch. Dist., 700 F. Supp. 2d 529, 547 (S.D.N.Y. 2010) (citing Gagliardo v. Arlington Sch. Dist., 489 F.3d 105, 114 (2d Cir. 2007) (When an SRO decision "is reasoned and supported by the record, the district court should not disturb it."). Where, as here, the SRO has held that a school district provided FAPE, the Court is "bound to exhibit deference

to that decision, [and] the burden of demonstrating that the [SRO] erred is properly understood to fall on the plaintiffs." M.H. v. New York City Dep't of Educ., 685 F.3d 217, 225 (2d Cir. 2012). Consequently, it is "incumbent upon the Parents to bring to the Court's attention any procedural or substantive flaws and explain why they allegedly warrant reversal." W.T. v. Bd. of Educ. of the Sch. Dist. of N.Y. City, 716 F. Supp. 2d 270, 287 (S.D.N.Y. 2010). Plaintiffs argue that the SRO decision is not entitled to deference because (1) the claims in Plaintiffs' Memorandum generally concern procedural adherence to IDEA; and (2) the SRO's determinations for claims that involved some level of "educational expertise" were inadequately reasoned. Plaintiffs' Opposition and Reply (hereinafter "Pl. Opp."), at 2-3. These arguments do not overcome the burden of demonstrating that the SRO's decision is not entitled to deference.

Plaintiffs argue that their claims regarding the triennial evaluation process are "not questions that involve educational expertise" but instead involve analysis of the "DOE's procedural compliance with the IDEA." Pl. Opp., at 2. However, this argument fails because it is not in dispute that the DOE's evaluation process did not comport in every respect with the IDEA's procedural requirements for triennial evaluations, and as already acknowledged by both parties, not "every procedural error" in the development of an IEP constitutes denial of FAPE. See Grim v. Rhinebeck Central School Dist., 346 F.3d 377, 381 (2d Cir. 2003)). The relevant inquiry was whether the procedural errors in the evaluation process denied S.B. a FAPE, and the SRO's decision on this matter was one involving "educational expertise," and was thus deserving of deference. See R.E. v. New York City Dep't of Educ., 694 F.3d 167, 189 (2d Cir. 2012). Thus, while the question of the presence of a procedural defect did not necessarily warrant great deference, the question of the *effect* of such a defect – that a FAPE was nevertheless offered – does warrant deference. See SRO Dec., at 10. As demonstrated in Point II, the SRO's

determination that the evaluative data utilized was sufficient to confer a FAPE is well-reasoned and supported, and thus is deserving of deference.

Furthermore, Plaintiffs' allegations that the evaluative data used by the CSE team was insufficient because the SRO ordered compliance with the IDEA's assessment/evaluation requirements are unfounded. The SRO's order only demonstrates that the DOE's evaluation process contained procedural irregularities – not that the data utilized was insufficient – which is particularly clear where the SRO explicitly stated that data utilized *was* sufficient to develop an IEP for S.B. See SRO Dec., at 10 ("[T]he allegation of a lack of sufficient information to formulate an IEP is belied by the evidence offered at the impartial hearing").

Therefore, Plaintiffs have failed to demonstrate that the SRO's conclusions on the evaluative data utilized in developing S.B.'s IEP were anything but well-reasoned, supported by the evidence, and entitled to the deference of this Court.

## POINT II

**THE PROCEDURAL ERRORS REGARDING THE TRIENNIAL EVALUATION PROCESS DID NOT DENY S.B. A FAPE.**

**A.    Ms. Brock and Ms. Dutton had ample opportunity to participate in the decision-making process regarding the provision of a FAPE to S.B.**

Plaintiffs allege that that "the failure to engage in the triennial evaluation process significantly impeded [Plaintiffs'] opportunity to participate in the decision-making process regarding the provision of a FAPE to S.B." Pl. Opp., at 5. However, the record provides ample evidence that Plaintiffs were provided the opportunity to participate in the decision-making process regarding the provision of a FAPE to S.B. Plaintiffs had the opportunity to participate, and did in fact participate, in the CSE meeting and gave input that was incorporated into S.B.'s IEP. Tr. 206-207, 209-210. They also had the opportunity to review the information utilized in

the development of S.B.'s IEP and to voice their opinions that additional information and evaluations were necessary, but failed to do so. Tr. 18, 23-24, 306-307. Tellingly, Plaintiffs fail to point to any case law to support their argument that the failure to adhere the requirements of the triennial reevaluation process "significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of a FAPE." While admittedly, there were procedural shortcomings in the evaluation process, these procedural errors did not "significantly impede" Plaintiffs' ability to participate in the decision-making process in developing S.B.'s IEP, and thus, in the provision of a FAPE. 20 U.S.C. § 1415(f)(3)(E)(ii)(II); Tr. 206-207, 209-210.

**B.     The procedural deficiencies in the triennial evaluation process did not impede S.B.'s right to a FAPE or deprive her of educational benefits.**

The SRO correctly found – in a determination warranting deference, as discussed in Point I – that the CSE team had sufficient evaluative data in order to develop an appropriate IEP for S.B., which did confer a FAPE.

Indeed, in a similar case, the court deferred to the SRO's decision that where a CSE team reviewed a progress report from the Rebecca School, the Student's 2009-10 IEP, and a classroom observation, sufficient evaluative data was utilized to formulate an IEP conferring a FAPE, despite procedural irregularities in the evaluation process. R.B. v. New York City Dep't of Educ., No. 12 Civ. 3763, 2013 U.S. Dist. LEXIS 142208, at *27 (S.D.N.Y. Sept. 27, 2013). Despite Plaintiffs' allegation that R.B. is inapplicable because in that case, the student "was not due for a reevaluation" (See Pl. Opp, at 6), the absence of an overdue triennial evaluation will not deprive a student of a FAPE where the evaluative data utilized was "sufficient for the CSE properly to develop the Student's IEP." D.B. & M.C. v. New York City Dep't of Educ., 966 F. Supp. 2d 315, 330 (S.D.N.Y. 2013) ("[W]here, as here, the CSE relied on a number of sufficient

evaluations, reports, and observations in assessing the Student's skill levels, the absence of one 'single measure' should not itself render an IEP invalid."). Furthermore, Plaintiffs' argument R.B. is inapplicable because the Cooke report and classroom observation utilized in developing the IEP are not entered into the record (See Pl. Opp., at 8) is meritless; the SRO was able to determine, based on the hearing testimony and evidence entered, that sufficient evaluative data was available and utilized in developing S.B.'s IEP. SRO Dec., at 10.

Any procedural irregularities in the triennial evaluation process did not impede S.B.'s right to a FAPE nor deprive her of educational benefits, as these were offered to S.B. through the appropriate recommended program. Plaintiffs' arguments concerning what "would have" been revealed by a reevaluation (Pl. Opp., at 9) are speculative and meritless. The evaluative data utilized by the CSE team allowed them to accurate describe S.B.'s present performance and determine her management needs, as was conceded by Plaintiffs' witness, Ms. Ord. See SRO Dec., at 10. This data was utilized to create an IEP for S.B. that was "likely to produce progress, not regression," as required by the IDEA, and thus there was no denial of FAPE or deprivation of educational benefits. Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 195 (2d Cir. 2005); SRO Dec., at 13.

## POINT III

### THE PROGRAM RECOMMENDED FOR S.B. CONFERRED A FAPE.

The program recommended for S.B. – a 12:1:1 classroom in a specialized school with related services and strategies to address her academic management needs – was properly found by the SRO to offer S.B. a FAPE (SRO Dec., at 12-13) and this well-reasoned educational policy judgment is entitled to deference. See T.G. v. New York City Dep't of Educ., No. 12 Civ. 6058, 2013 U.S. Dist. LEXIS 132117, at *66-67 (S.D.N.Y. Sept. 14, 2013). The record amply

demonstrates that this program was recommended to address S.B.'s needs and provide the "small group instruction" and "appropriate opportunities for individualized support" that S.B. requires. See SRO Dec., at 13. Mr. Marggraf's testimony was offered to demonstrate *how* the program would have been implemented at McSweeney, but even without this testimony, the record otherwise demonstrates that S.B.'s needs, including those identified by Plaintiffs' witnesses, were addressed by the 12:1:1 classroom with related services recommended for S.B.

Plaintiffs allege that "the DOE failed to prove that a 12:1:1 program provided S.B. with a FAPE." Pl. Opp., at 10. However, where an SRO makes a determination using his educational expertise that a recommended program was appropriate, as is the case here, the plaintiffs must show that the SRO's determination was wrong. M.H., 685 F.3d at 225. Plaintiffs have failed to point to any error in the SRO's determination that warrants eschewing the deference owed. Plaintiffs' argument that S.B.'s recommended program was inappropriate because a 12:1:1 program could not meet S.B.'s management needs (See Pl. Opp. at 10-11) amounts to mere speculation that the DOE would not have adequately adhered to the IEP, an inappropriate basis for unilateral placement, as discussed below.

### POINT IV

**DEFENDANT WAS NOT REQUIRED TO PRESENT EVIDENCE CONCERNING THE RECOMMENDED SCHOOL'S ABILITY TO IMPLEMENT THE IEP**

When a parent enrolls the child in private school before the school district is obligated to implement the IEP, "the validity of proposed placement is to be judged on the face of the IEP, rather than from evidence introduced later concerning how the IEP might have been, or allegedly would have been, implemented." A.M. v. N.Y. City Dep't of Educ., No. 12 Civ. 5573, 2013 U.S. Dist. LEXIS 113467, *38 (S.D.N.Y. Aug. 9, 2013) (internal citations omitted).

"Speculation that the school district will not adequately adhere to the IEP is not an appropriate basis for unilateral placement." R.E., 694 F.3d at 195; F.L. ex rel. F.L. v. New York City Dep't of Educ., No. 12 Civ. 4575, 2014 U.S. App. LEXIS 296, at *16-17 (2d Cir. Jan. 8, 2014); K.L. v. New York City Dep't of Educ., 11 Civ. 3733, 2012 U.S. Dist. LEXIS 124460, at *42-44 (S.D.N.Y. Aug. 23, 2012).

The SRO correctly applied this binding Second Circuit precedent, holding that the DOE was not required to establish that McSweeney was an appropriate school for S.B., as it would require the IHO and SRO to speculate to determine what might have happened had the Defendant been required to implement S.B.'s IEP. SRO Dec., at 13-14. Thus, Plaintiffs' speculative allegations that a 12:1:1 classroom ratio couldn't implement S.B.'s IEP and couldn't supply the management strategies therein are not proper bases for alleging a denial of FAPE. Nevertheless, the SRO determined that the record evidences that the IEP could have been implemented in the recommended classroom ratio, and credited the testimony of Mr. Marggraf, who testified that he could have implemented the tools and strategies in S.B.'s IEP, and in fact, already does supply these strategies for his current students. SRO Dec., at 12-13 (citing Tr. 118-119).

Furthermore, while Plaintiffs allege that they may challenge the adequacy of McSweeney because it was "readily apparent" that the students there were "lower functioning" than S.B. (See Pl. Opp., at 12, citing E.A.M. v. New York City Dep't of Educ., No. 11 Civ. 3730, 2012 U.S. Dist. LEXIS 143266 (S.D.N.Y. Sept. 29, 2012)), their allegations were entirely speculative at the time they unilaterally placed S.B. at Cooke. Plaintiffs based their determination on the fact they visited McSweeney the previous year and found it inappropriate, and that when they visited in 2011, they were told "nothing had changed." Pl. Opp., at 12. Even if Plaintiffs

were told this, such a vague statement certainly does not serve as an adequate basis for determining that S.B. would not have been appropriately grouped. During their visit in June 2011, Plaintiffs did not see the class in which S.B. would likely have been placed for the 2011-2012 school year, nor did they have classroom profiles on the students in that class. Tr. 75, 198. Plaintiffs' speculative determination that the students were lower-functioning was based on Plaintiffs' walking around the halls and seeing a few students who seemed lower-functioning than S.B. Tr. 197. At the time Plaintiffs deemed McSweeney inappropriate, it was not the case that any "alleged defects were reasonably apparent," as argued by Plaintiffs, but rather the alleged defect in the school was based on pure conjecture.

Nevertheless, the record amply demonstrates that S.B. would have been appropriately grouped, as the SRO found in a well-reasoned determination deserving deference. SRO Dec., at 15 ("[T]he hearing record show[s] that [S.B.] would have been grouped with students with similar needs in the assigned school placement."). State regulations require that in special classes, students must be suitably grouped for instructional purposes with other students having similar individual needs. 8 N.Y.C.R.R. §§ 200.1(ww)(3)(ii), 200.6(a)(3), (h)(3). The management needs of students may vary and the modifications, adaptations and other resources are to be provided to students so that they do not detract from the opportunities of the other students in the class. 8 N.Y.C.R.R. § 200.6(a)(3)(iv). Mr. Dugan and Mr. Marggraf testified that S.B. would have been functionally grouped at McSweeney with students with similar academic, social, and emotional functional levels. Tr. 69-71, 114-115, 120, 126-127.  Further, Mr. Marggraf testified that he uses small group work to address the students' different functioning levels and he differentiates the academic instruction to meet the individual students' levels. Tr. 104-105, 106-108, 116-118.

Plaintiffs' allegation that the Student would not have been appropriately grouped because the other students in the classroom were classified as intellectually disabled, while S.B. is classified with a learning disability is without merit. The SRO correctly determined that regardless of S.B.'s classification, she was appropriately grouped based on the similarity of her needs to those of the students in the assigned class. SRO Dec., at 15. (citing M.H. v. New York City Dep't of Educ, No. 10 Civ. 1042, 2011 U.S. Dist. LEXIS 17306, at *37-38 (S.D.N.Y. Feb. 16, 2011) ("It is well established that a student's needs, rather than his or her disability classification, is the driving factor in determining whether the recommended placement offers the student a FAPE.")).

## POINT V

## MS. DUTTON DOES NOT HAVE STANDING.

Ms. Dutton does not have standing to bring this case. Plaintiffs allege that Ms. Dutton is an "individual acting in the place of a biological or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare," and thus qualifies as a parent under the IDEA. See 34 C.F.R. § 300.30(a)(4). However, Plaintiffs ignore that the statute clearly states that where the biological parent is present and acting as a parent, they are presumed the parent. 34 C.F.R. § 300.30(b); 8 N.Y.C.R.R. § 200.1(ii)(3). Ms. Brock, S.B.'s biological mother, is a plaintiff in this action and is acting as S.B.'s parent; therefore, she must be presumed to be the "parent," to the exclusion of Ms. Dutton. Id. While Plaintiffs rely on Jalloh v. District of Columbia, 968 F.Supp.2d 203 (D.D.C. 2007) for the proposition that a grandmother can serve as a parent under the IDEA, there is no indication in that case that the student's biological parent was present and

acting as a parent, which would preclude the grandmother from qualifying as the student's parent. 34 C.F.R. § 300.30(b); 8 N.Y.C.R.R. § 200.1(ii)(3).

Furthermore, despite the SRO's referring to Ms. Dutton as a "parent" and "respondent," this Court has an independent duty to evaluate Ms. Dutton's standing. A claim that a party lacks standing is an attack on a court's subject matter jurisdiction over a party; thus, this Court must evaluate Ms. Dutton's standing even though this issue was not raised in the administrative proceedings. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541–42 (1986).

## CONCLUSION

Based on the foregoing, Defendant New York City Department of Education respectfully requests that Plaintiffs' motion for summary judgment be denied and that the Complaint be dismissed in its entirety, that Defendant's cross-motion for summary judgment be granted, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 16, 2014

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        Attorney for Defendant
        100 Church Street, Room 2-106
        New York, N.Y. 10007
        P: (212) 356-0871
        F: (212) 788-8877
        E: mtoews@law.nyc.gov

By:       /s/ (MGT)

        Mark Galen Toews (MT 1974)
        Senior Counsel